```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          COVINGTON DIVISION


IN RE:

RONALD TERRY SANDS
SANDRA LEE SANDS

DEBTORS                                             CASE NO. 07-21155


LORI A. SCHLARMAN, TRUSTEE                          PLAINTIFF


VS.                                                 ADV. NO. 07-2064


FIFTH THIRD BANK, INC.,
d/b/a Fifth Third Bank;
RONALD TERRY SANDS, SANDRA LEE SANDS                DEFENDANTS
```

**MEMORANDUM OPINION**

This matter is before the court on the Plaintiff's Motion for Summary Judgment and Defendant Fifth Third Bank's Reply to Trustee's Motion for Summary Judgment. A Default Judgment was entered against the Defendant Debtors on February 21, 2008. The issue before the court is whether the Plaintiff may avoid Fifth Third Bank's title lien on the Debtors' vehicle on account of the fact that it was not noted in the county of the Debtors' residence. The matter was heard on May 15, 2008 and taken under consideration for decision. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2)(K).

The parties have entered into Joint Stipulations which provide in

1

pertinent part as follows:

    . . . .

2. At all times relevant, the Debtors resided at their current address of 109 Sanders Drive, Florence, KY 41042, which is located in Kenton County, Kentucky.

3. On or about July 30, 2007, the Debtors filed a petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Kentucky, Covington Division.

    . . . .

5. The subject vehicle is 2006 Dodge Caravan, . . . , titled in the name of Ronald T. Sands.

6. Plaintiff, Lori A. Schlarman claims she possesses title to the subject vehicle by virtue of a certificate of title, which was issued in Boone County, Kentucky.

7. Defendant, Fifth Third Bank claims it possesses a properly perfected security interest in the subject vehicle by virtue of a title lien noted August 8, 2006, in the records of the Boone County Clerk at Burlington, Kentucky. Said lien appears on the certificate of title as having been noted in Boone County, Kentucky.

    . . . .

9. Defendant, Fifth Third Bank has not taken any action to have its lien noted in the records of the Kenton County Clerk, at either Covington or Independence, Kentucky.

10. Debtor did not take any action to record the title with the Kenton County Clerk, at either Covington or Independence, Kentucky.

The Plaintiff brings this action pursuant to the "strong arm" powers granted to her under Code section 544. That statute provides in pertinent part as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid the transfer of the property of the debtor or any obligation incurred by the debtor that is voidable by--

> (1) a creditor that extends credit to the debtor at the time
> of the commencement of the case, and that obtains, at such
> time and with respect to such credit, a judicial lien on all
> property on which a creditor with a simple contract could
> have obtained such a judicial lien, whether or not such a
> creditor exists;

11 U.S.C. § 544.  The Plaintiff contends that as a hypothetical lien creditor with no prior knowledge of Fifth Third Bank's lien she may avoid that lien.

The perfection of Fifth Third Bank's lien is governed by KRS 186A.190 which provides that "[t]he perfection and discharge of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title." KRS 186A.190(1).  The statute further provides that notation of the security interest "shall be done in the office of the county clerk of the county in which the debtor resides," and that notation on the certificate of title is the "sole means of perfecting and discharging a security interest in property for which a certificate of title is required..."  KRS 186A.190(2).  It is undisputed that Fifth Third Bank's lien was noted on the certificate of title almost a year before the Debtors filed their Chapter 7 case.

The Plaintiff takes the position that because the lien was not noted on the face of the certificate of title by the county clerk of the county in which the Debtors reside, i.e., Kenton County, all the steps required by KRS 186A.190 were not completed, making the lien ineffective for the purpose of providing notice to the trustee.  The Plaintiff points out that KRS 186A.195 addresses situations in which paperwork and fees are tendered to a county clerk other than the clerk of the debtor's county of residence.  The Plaintiff makes specific

reference to paragraphs (3) and (4) which set out the requirements for issuing a certificate of title.  The statute further provides:

> (5) The security interest noted on the certificate of title shall be deemed perfected at the time the security interest attaches (KRS 355.9-203) if the secured party tenders the required fees and submits a properly completed title lien statement and application for first title, or in the case of property previously titled in the name of its debtor, the certificate of title, to **the appropriate county clerk** within 20 days of attachment.  Otherwise, the security interest shall be deemed perfected at the time such fees are tendered and such documents are submitted to **the appropriate county clerk**.

KRS 186A.195(5)(emphasis added).  This language appears to make notation of a security interest on a certificate of title in the county of the debtor's residence a requirement for perfection.

While it never attempted to have the erroneously issued certificate of title corrected, Fifth Third Bank argues that KRS Chapter 186A contemplates that titles will be issued erroneously and makes provision for correcting such errors at KRS 186A.240 by canceling the title erroneously issued and issuing a corrected title. Fifth Third Bank further argues that the certificate of title at issue here is valid on its face, and that if the Plaintiff's position is adopted, a Kentucky certificate of title will not be proof of ownership of a vehicle without an investigation of all the facts on its face.  Fifth Third Bank confuses proof of ownership with the determination of priority of liens.  In any event, these arguments are unavailing in the face of the fact that Fifth Third Bank's security interest was not perfected at the time of the filing of this case since notation on the certificate of title was not made in the county of the Debtors' residence.

As the Plaintiff points out, it is Fifth Third Bank's

4

responsibility to submit the title and title lien statement to the appropriate county clerk in order for its lien to be properly perfected. This it did not do, and the Plaintiff's status as a hypothetical lien creditor allows her to avoid Fifth Third Bank's unperfected lien. The court will therefore issue a Summary Judgment in the Plaintiff's favor.

Copies to:

Michael B. Baker, Esq.
John L. Day, Jr., Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Tuesday, September 16, 2008**
**(wsh)**